## CITY ELECTRIC RAILWAY COMPANY v. SMITH.

FISH, P. J. 1. "Where there is an order for the separation of witnesses, exceptions therefrom as to witnesses not parties to the case are discretionary with the court." *Central Railrod Co.* v. *Phillips*, 91 *Ga.* 526.

2. Plaintiff testified that he had ridden on defendant's cars six or seven times daily for several years; that he knew their usual motions and movements; that the jerk which it was claimed caused his injury "was an unusual jerk in that it was very severe. It was a sudden jerk. Witness means by severe jerk that it jerked him with such force that when he caught hold of the railing on the rear end of the car, it jerked his hold loose. It was with such force that witness could not hold on to the bar." *Held*, that permitting the witness to testify that it "was an unusual jerk" was not cause for a new trial. Civil Code, § 5285.

3. Where in an action for personal injuries one of the items of the damages claimed was the decreased capacity of the plaintiff to labor and earn money, and the petition alleged that, at the time the injuries were received, plaintiff was capable of earning and was receiving $100 per month, evidence that, but for the injuries, he could earn $150 per month was admissible, not

as a basis for a recovery at that rate, but as tending to show that plaintiff was capable of earning the amount alleged in the petition. See *Southern Bell Tel. Co.* v. *Lynch*, 95 *Ga.* 529 (2). Where the defendant objected to the admission of such evidence, on the ground that "plaintiff was limited by his declaration to a capacity of $100 per month," its admission, without an instruction by the court properly limiting its consideration by the jury, was not cause for a new trial when it appeared from the amount of the verdict, considered in connection with the undisputed evidence in the case, that the defendant was not hurt by the failure to give such instruction.

4. In such a case it was competent for the plaintiff, after giving his reasons therefor, to testify as to what, in his opinion, his services would be worth but for his injuries. Civil Code, § 5285.

5. Refusing to allow a question to be propounded in a particular form to a witness, even if erroneous, is not cause for a new trial, when it appears that, in response to other questions by the same party, all that the witness knew on the subject was fully brought out. *Elliott* v. *Banks*, 115 *Ga.* 926.

6. Where the plaintiff testified that when riding on one of the electric cars of the defendant company, he was thrown therefrom by a sudden jerk of the car, it was not error to allow a witness to testify, over defendant's objection, that the effect of suddenly turning on too much electricity to such a car would be to cause it to start too quickly, the objection being that there was no evidence in the case that any electricity was turned on.

7. Even if the court were in error in authorizing the plaintiff to submit evidence on a given subject and to a certain extent, if he introduced no such evidence, the error was harmless.

8. Where in an action against an electric railway company for personal injuries to one of its passengers, alleged to have been caused by a sudden and severe jerk of the car upon which such passenger was riding, a witness for the defendant testified that he had made certain tests with its cars, to ascertain whether a jerking motion could be imparted to a moving car by suddenly turning on more electricity, and gave the details as to the character, extent, and result of such tests, upon which he gave an opinion upon the subject in favor of the defendant's contention, which opinion was contrary to one which he, during the same trial, had given when testifying in behalf of the plaintiff, the refusal of the court to permit him to testify that he had ample authority from the defendant company to make thorough tests was not, after a verdict in favor of the plaintiff, cause for sustaining the defendant's motion for a new trial.

9. The requests to charge as to the credibility of witnesses were, in so far as they were legal, covered by the instructions given.

10. There was evidence to authorize the verdict, and the court did not abuse its discretion in refusing to grant a new trial.

<em>Judgment affirmed. All the Justices concur.</em>

Argued November 17, 1904.—Decided January 27, 1905.

Action for damages. Before Judge Hamilton. City court of Floyd county. May 9, 1904.

*Denny & Harris*, for plaintiff in error.
*Dean & Dean* and *Halsted Smith*, contra.