## SOUTHERN RAILWAY COMPANY *v.* DEAN.

1. There was sufficient evidence to authorize the jury to find in favor of the plaintiff, and the court did not err in refusing to set aside the verdict upon the general grounds contained in the motion, nor in refusing to award a nonsuit.
2. A new trial is not demanded because of improper remarks of counsel in his argument to the jury, where it does not appear that any objection was made at the time, nor that any request was made to withdraw the case from the jury.
3. Where the court correctly charged the law in regard to contributory negligence and mutual fault, the failure to charge, in immediate connection therewith, the rule imposing upon the plaintiff the duty of exercising due diligence to avoid the consequences to himself of the defendant's negligence is not ground for a new trial, where it appears that in a subsequent portion of the charge the latter rule was distinctly stated to the jury.
4. That a witness was permitted to answer, "I can not work as much since then [the time of the injury] as before," is not open to the criticism that such an answer was a mere conclusion on the part of the witness.

Argued April 22,—Decided May 16, 1907.

Action for damages. Before Judge Bartlett. Haralson superior court. February 12, 1906.

*Hugh M. Dorsey, Hutcheson & Matthews,* and *Shumate, Maddox & McCamy,* for plaintiff in error. *E. S. Griffith,* contra.

BECK, J. 1. If the jury believed the testimony of the plaintiff, they had ample evidence before them upon which to base their finding in favor of the plaintiff. Taking his testimony as true, there was a clear failure upon the part of the defendant company to exercise due care and diligence for the safety of one who was attempting to board its train as a passenger. According to his testimony, he was at a station on the defendant's line of railroad, for the purpose of taking passage on one of its trains. He had signalled the engineer to stop the train, and when the train had stopped, he went to the rear end of the last passenger-coach, where he could, as he testified, most conveniently enter the car, and had taken hold of the hand-rail and had placed one foot upon the lower step, when the train started suddenly forward, causing him to lose his balance, and threw his back violently against the side of the car, thereby inflicting serious injuries upon him. And the plaintiff further testified, that the conductor saw him when he was on the point of boarding the train, and saw him put some surveying instruments, which he carried with him, on the platform of the car, and also that this train "just barely stopped" at the station, "half a minute, I guess." No discussion is required to demonstrate that under this testimony, the question as to whether or not the plaintiff was injured in consequence of the defendant's failure to exercise due care and diligence for the safety of its passenger was one for determination by the jury. In view of the foregoing, it is needless to discuss the grounds of the motion which complain of the refusal to nonsuit the plaintiff at the conclusion of his testimony.

2. The 6th ground of the defendant's motion is as follows: "Movant says that the statement in the above-stated argument by the counsel, that 'he would not charge the attorney for the Southern Railway Company with having a jury fixed,' was prejudicial to the rights of the defendant, and was of such a character as to operate on the mind of the jury and render them incapable of properly performing their duty." The sentence taken from the argument of counsel for the plaintiff, however prejudicial it may have been when considered in connection with other parts of the argument, considered alone, as we are bound to consider it (as no other part of the argument is complained of or quoted), was certainly not pre-

judicial to the defendant, nor calculated to operate on the minds of the jury, nor to render them incapable of performing their duty. We can easily understand how, by the addition of a very few words, the part of the sentence quoted might have been converted into a very damaging and prejudicial statement, but we can not assume that in what followed there was actually anything calculated to inflame the minds of the jury or to prejudice them against the movant. This ground of the motion shows barely that the counsel asserted that "he would not charge the attorney for the Southern Railway Company with having a jury fixed." And we will not assume that he charged anything else improper, however strong the suspicion may be that, by means of a "but," he may have tacked on a sting to the very innocent-looking fragment of a sentence quoted above. · If the sting was actually put there, it should have been exhibited in the motion, for our consideration, and we could then, without indulging in surmises, decide whether the complaining party was prejudiced and injured by the use of improper argument. Besides, it does not appear that the plaintiff in error called the court's attention to the alleged improper language, or moved for a mistrial at the time the objectionable utterance was made, but it appears that he took his chances for a favorable verdict, and, after the jury had made an adverse finding, complained for the first time, in the motion for a new trial. *Young* v. *State,* 65 *Ga.* 525; *Metropolitan St. R. Co.* v. *Johnson,* 90 *Ga.* 500.

3. The ruling in the third headnote requires no discussion.

4. That a witness was permitted to answer, "I can not work as much since then [the time of the injury] as before," is not open to the criticism that such an answer was a statement of a mere conclusion on the part of the witness.

*Judgment affirmed. All the Justices concur.*