10757. CENTRAL OF GEORGIA RAILWAY CO. *v.* HARTLEY.

JENKINS, P. J. 1. Hartley sought to recover damages for alleged personal injuries claimed to have been inflicted by the operation of the defendant's cars while he was driving a buggy over a public street and railway crossing in the City of Tennille. Various charges of negligence, which it is alleged occasioned the injury, are brought against the defendant, including a violation of the " blow-post law " then of force, an allegation that the defendant's train was being moved at the time and place of the accident at an excessive rate of speed, to wit, twenty-five or thirty miles per hour, failure to keep a proper lookout, failure to give a proper signal, and a violation of a valid municipal ordinance limiting the speed of trains within the city to eight miles per hour. The defendant denied each of the acts of negligence charged against it, and further contended that the proximate cause of the injury was the negligence of the plaintiff himself. It also demurred to the petition, both generally and specially; and to the overruling of the demurrers exceptions are taken. The evidence was in sharp conflict upon practically every issue raised by the petition and the answer. The jury found for the plaintiff in the sum of $7,500, and the refusal of the trial judge to grant a new trial is complained of. *Held*:

1. The court did not err in overruling the general demurrer to the petition. Ordinarily, issues relating to negligence, including contributory negligence,— that is, negligence on the part of the defendant as well as on the part of the plaintiff,— are questions which lie peculiarly within the province of the jury to determine. As a general rule, not only is it incumbent upon the jury to say· whether the particular conduct charged against the defendant is proved, but, except as to allegations relating to negligence per se, it is their further duty to determine whether or not such acts, if proved, were negligent; and if so, it then becomes their final duty to solve any issue made as to whether or not such proved acts of negligence on the part of the defendant· constituted the proximate cause of the injury. While it is true that where a petition indisputably shows on its face that the plaintiff is not entitled to recover, and the question is made by general demurrer, it is the duty of the court to dismiss the action, still the application of this rule can-

not properly be invoked except in cases so plain as will in no wise admit of a reasonable contrary interpretation. *Harris* v. *Central Railroad*, 78 *Ga.* 525, 536 (3 S. E. 355); *Central of Georgia Railway Co.* v. *Larsen*, 19 *Ga. App.* 413, 417 (1) (91 S. E. 517); *Southern Cotton-Oil Co.* v. *Gladman*, 1 *Ga. App.* 259, 260 (8) (58 S. E. 249).

2. The court did not err in overruling the special demurrer to the petition.

(*a*) The petition showed that a certain engine and cab were left standing upon the defendant's sidetracks near the crossing, so as partially to obstruct the petitioner's view of the approaching train. The fact thus alleged is not charged by the petition, as amended, to be an act of negligence on the defendant's part, but is stated merely as inducement and explanation, descriptive of the locality and environment of the injury. See *Southern Railway Co.* v. *Grizzle*, 124 *Ga.* 735 (4), 740 (53 S. E. 244, 110 Am. St. R. 191).. Since it is not necessary to set forth and describe in detail the whole environment relating to the transaction at the time of the injury, in order to admit evidence of the same for the purpose of showing how the alleged negligence of the defendant occasioned the injury (*Atlanta Street Railroad Co.* v. *Walker*, 93 *Ga.* 462, 463, 464, 21 S. E. 48), the defendant could not properly complain that the ownership of the cab and engine and their exact location and their distances from the crossing were not precisely set forth in the petition.

(*b*) The remaining grounds of the special demurrer to the petition are without merit, and are not specifically argued in the brief of counsel for the plaintiff in error.

3. The court did not abuse its discretion in overruling the defendant's motion for a continuance.

(*a*) The defendant's claim agent, who swore that it was his duty to prepare the evidence for the defendant, testified on the motion for continuance that he had had a conversation with one Lanigan soon after the accident had occurred, about eighteen months previously; that Lanigan, while not present at the time of the alleged injury, professed to have come upon the scene a few moments thereafter; that he had then noted the position of the engine and cab standing upon the sidetrack; that there was nothing to obstruct a view of the approaching train from one entering upon the crossing; that he had made certain measurements showing the distance of the rear end of the train from the crossing over which it had passed; that the absent witness, who was an employee of an allied railway company, had at that time promised to attend court without a subpœna; that he had recently discovered that the witness had removed from the State, and had lately refused to attend the court; that no subpœna had been issued for him. There was a counter-showing to the effect that the absent witness had moved from the county about four months previously. The record shows that this evidence related to facts as to environment and distances about which there was practically no dispute, that an expert civil engineer testified for the defendant concerning these facts, and that the defendant put in evidence a detailed map or drawing definitely outlining the entire situa-

tion and locality. See Civil Code (1910), §§ 5715, 5721; *Moon* v. *Wright*, 12 *Ga. App.* 659, 660 (5) (78 S. E. 141); *Macon & Birmingham Railway Co.* v. *Anderson*, 121 *Ga.* 666 (4) (49 S. E. 791).

4. While rulings have been made to the effect that, in a case such as this, a plaintiff cannot prove, by a general statement, the amount of his damage (*McCrary* v. *Pritchard*, 119 *Ga.* 876, 47 S. E. 341; *Foote & Davies Co.* v. *Malony*, 115 *Ga.* 985, 987 (3), 42 S. E. 413; *Smith* v. *Eubanks*, 72 *Ga.* 280, 287), this rule would not preclude such a plaintiff from testifying, subject to the right of cross-examination, to the annual value of his personal services prior to the injury, and to the value of such services subsequent thereto, especially where, as in this case, the witness goes into full details as to the facts upon which his opinion is based. *City Electric Railway Co.* v. *Smith*, 121 *Ga.* 663 (49 S. E. 724); *Jennings* v. *Stripling*, 127 *Ga.* 778, 784 (56 S. E. 1026); *Central Railroad* v. *Coggin*, 73 *Ga.* 689 (5); *Southern Railway Co.* v. *Dean*, 128 *Ga.* 366 (57 S. E. 702); *Chattanooga, Rome & Columbus R. Co.* v. *Huggins*, 89 *Ga.* 494, 495 (3) (15 S. E. 148).

5. For the reasons stated above in paragraph 2 (*a*), there was no error in admitting the evidence complained of in the third, fourth, and fifth grounds of the amendment to the motion for a new trial.

6. "Ordinary care" is, as contended by the plaintiff in error, a variable term, depending upon the circumstances surrounding the particular case, but it was not error for the judge to make use of the expression that "the *standard* of ordinary care is invariable," since it is clear that the jury were authorized and directed to apply the standard given them, to wit, "that care which every prudent man exercises under the same or similar circumstances," to the particular facts of the instant case. *Central Railroad & Banking Co.* v. *Ryles*, 84 *Ga.* 420 (11 S. E. 499); *Harris* v. *Central Railroad*, 78 *Ga.* 525, 536 (3 S. E. 355).

7. Upon its being shown that an injury had been occasioned to the plaintiff by the running of the locomotives or cars of the defendant railroad company, a presumption of liability arose against the defendant in respect to the negligence charged, unless the company should make it appear that its agents had exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company. Civil Code (1910), § 2780. The court, therefore, did not err in giving in charge the excerpt complained of in ground 8 of the motion for a new trial.

8. The use by the court of the word "defendant," instead of "plaintiff," in charging the jury to the effect that the plaintiff could not recover if he failed to exercise ordinary care to avoid the consequences of the defendant's negligence, "if any was then existing or could have been reasonably apprehended to have been in existence on the part of the defendant," was but a manifest slip of the tongue, which could not reasonably have been misleading; and besides, if harmful at all, it must have militated against the rights of the plaintiff, and not of the defendant. Elsewhere in his charge the judge twice gave to the jury this same principle of law, clearly and correctly.

9. The excerpts from the charge complained of in grounds 11 and 12 of the motion for a new trial could not be reasonably taken to be an expression of opinion as to whether there had been, or would be, pain and suffering on the part of the plaintiff, growing out of the alleged injury; nor can it reasonably be said that the charge complained of in ground 11 prevented the jury from finding damages for decreased earning capacity only.

10. The charge upon the subject of the impeachment of witnesses by contradictory statements is in conformity with the law of the code (Civil Code (1910), §§ 5881, 5884), and there is nothing in the excerpt complained of which could reasonably be said to have excluded from the consideration of the jury the alleged contradictory statements previously made in writing by the witness and introduced by the defendant, especially as the judge in another portion of his charge called special attention to this document as evidence admitted for their consideration.

11. The grounds of defense relied upon in this case do not set up any unusual, special, or peculiar state of facts, nor do they invoke the application of any principle, or principles, of law other than those which might ordinarily apply to any such suit of like general character. The charge as given by the trial judge was clear, fair, and exhaustive, fully covering every correct statement of law embodied in the various requests to charge. Appellate courts, in discussing cases, frequently make use of language which, though embodying sound principles of law, is not intended to be adjusted to the requirements and proprieties of a charge to be given to juries. *Western & Atlantic Railroad Co.* v. *Jarrett*, 22 *Ga. App.* 313 (96 S. E. 17). While the evidence is sharply conflicting and the case is closely contested upon almost every phase of the issues made by the pleadings, the verdict is nevertheless abundantly sustained upon every one of the vital contentions. The case, therefore, does not properly fall within the ruling made in *Metropolitan Street Railroad Co.* v. *Johnson*, 90 *Ga.* 500 (16 S. E. 49), to the effect that in that close and doubtful case it was error to refuse the charge there indicated, which was precisely adjusted and specifically bore upon the one vital issue where the pressure of that case centered. In this case the pressure of the contest was not thus confined, it was not close in the sense that there was lacking abundant evidence to justify the finding; and besides, in this case the trial judge not only stated but amplified the statement of the principle referred to, and thus, in our opinion, not only made clear the rule but the application of the rule.

12. There is no merit in the exception seeking to set up relationship by marriage between the plaintiff and one of the jurors. While marriage will relate the husband by affinity to the blood relations of the wife, it will not relate the husband to those merely related by marriage to the wife. *Central Railroad & Banking Co.* v. *Roberts*, 91 *Ga.* 513, 517 (18 S. E. 315); *Baldwin* v. *State*, 120 *Ga.* 188, 190 (2) (47 S. E. 558).

13. The plaintiff's case, including the venue, was abundantly supported by the evidence. Under the evidence this court is unauthorized to say that

the amount of the finding was excessive. *Realty Bond & Mortgage Co. v. Harley*, 19 *Ga. App.* 186 (91 S. E. 254).

*Judgment affirmed. Stephens and Smith, JJ., concur.*

DECIDED APRIL 7, 1920.

Action for damages; from Washington superior court — Judge Hardeman. June 21, 1919.

*Evans & Evans, W. M. Goodwin, Lovett & Powell,* for plaintiff in error.

*R. R. Arnold, Jordan & Harris,* contra.