29095. ROGERS *et al.*, executors, *v.* WOODS.

DECIDED OCTOBER 18, 1941. REHEARING DENIED NOVEMBER 22, 1941.

*Jesse M. Sellers,* for plaintiffs in error.

*W. B. Robinson, C. C. Pittman,* contra.

FELTON, J. The executor and executrix of the will of J. L. Woods filed a caveat to the return of the appraisers appointed to set apart a year's support to Mrs. J. L. Woods. The ordinary sustained the caveat, and the widow appealed to the superior court. The jury found in favor of the appraisers' return. The exception is to the overruling of the caveators' motion for new trial. The grounds of the amended caveat were, that, as the will of the deceased was inconsistent with the application for and setting apart of a year's support, the widow was precluded from taking a year's support, by having elected to take under the will; that the return set apart an unreasonable amount; that the application was not bona fide, because the applicant pointed out all of the property of the estate, and all of the estate was set apart to the widow.

1. The court did not err in admitting in evidence the return of the appraisers, over the objections that the return showed that the whole of the estate was set apart, and that the return showed that it was made on the same day when the appraisers were appointed.

2. The court did not err in refusing to rule out the testimony of Mark Wilbanks, to the effect that $250 a month would be a reasonable charge for a person to wait on the widow. The grounds of the motion to rule out the evidence were that the witness stated no facts upon which to base the opinion, and that the testimony was highly speculative. While the witness may not have given as many facts as would have been necessary to make his opinion absolutely convincing, he did say that he was acquainted with the Woods family; that he married one of the Woods girls; that he had not been around the premises in the last two years, as theretofore; and that the widow was considerable care.

3. The charge to the jury did not give undue emphasis to the applicant's contentions, nor did it minimize those of the caveators.

4. It was not error to charge the jury that the return of the appraisers made a prima facie case for the widow, when the only issue made by the evidence was whether the amount set apart was excessive. *Wilson* v. *Wilson*, 54 *Ga. App.* 770 (189 S. E. 71).

5. It was not error for the court to give in charge to the jury as follows: "I charge you that a widow is entitled to the possession of the mansion in which her husband left her at the time of his death until dower or its equivalent has been assigned to her, and this right to its possession is in addition to and independent of her year's support. . . I give you in charge section 5258 of the Code of this State, which is as follows: 'The application for dower shall not be made until after the expiration of three months from the death of the person to whom said lands and tenements belonged.'" Assuming for the sake of argument that these instructions were erroneous (and we do not decide that they were), they were not harmful to the caveators because the evidence demanded the finding that the widow did not elect to take under the will and that she was not precluded from taking a year's support.

6. There is no merit in grounds 8 and 9.

7. The verdict was supported by the evidence. There was much immaterial and irrelevant testimony in the case, and we are not setting forth all of it, even in substance. There was a conflict in

the evidence as to what was the value of the estate set apart, and as to how much would be required for the widow's support for a year. The main contention of the caveators is that the applicant testified that less than $1000 would suffice. The amount set apart was $2,-700, which the widow elected to take in property which consisted of 160 acres of land valued by the appraisers at $2400, and personal property, accounts, and household furniture, valued at $300. The evidence for the caveators was to the effect that the land was worth up to $6000, and that $400 would be sufficient for the widow's support for a year. Nettie Woods, witness for the applicant, testified: "Knowing the value of the place, and knowing my mother, and knowing she was sick and subject to sickness, I think it would probably take all of the place for a twelve-months support for her." She testified also that it would take six or eight hundred dollars. The evidence showed that the widow was eighty-three years old, and feeble. The rule that a party's testimony must be construed against him is not applicable to this case, because there was other testimony upon which the jury might have based its verdict. *Long Cigar & Grocery Co.* v. *Harvey,* 33 *Ga. App.* 236(2) (125 S. E. 870), and cit. Furthermore, the testimony of the widow was itself opinionative. As to the conflict in Nettie Woods' testimony and the conflict in the other testimony, "A jury arriving at a conclusion upon disputed issues of fact may believe a part of the testimony of a witness or witnesses, and reject another part thereof, it being their duty to ascertain the truth of the case from the opinion they entertain of all the evidence submitted for their consideration." *Lawhon* v. *Henshaw,* 63 *Ga. App.* 683(3) (11 S. E. 2d, 846), and cit. Contradiction in the testimony of one who is not a party to a case does not require rejection of his entire testimony. *Wallis* v. *Watson,* 184 *Ga.* 38, 40 (190 S. E. 360). The return of the appraisers was not shown by the evidence, as a matter of law, to be so excessive as to indicate bias, fraud, or mistake.

The court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*