## 48678. DEVELOPMENT CORPORATION OF GEORGIA et al. v. BERNDT.

BELL, Chief Judge.

Plaintiff brought suit alleging that she had performed services for the defendant corporation since 1964 and that the value of the services amounted to $100,000. Defendants' motion for a directed verdict was denied. The jury returned a verdict for plaintiff for $8,000. Defendants' motion for judgment notwithstanding the verdict was also overruled. *Held:*

One ground asserted on the motion for directed verdict was the failure of plaintiff to prove the reasonable value of services rendered to and accepted by the defendants, an element essential to recovery on a quantum meruit basis. Code § 3-107. This ground has

merit as plaintiff failed to carry her burden. Plaintiff testified that she had worked for these defendants under an express contract as a real estate salesman and that she had been paid her commissions earned under the terms of the contract. However, she testified that she had not been paid all the commissions due her; and "according to my figures they owe me $8,000.00"; that she included this figure in the total amount claimed in her suit, $100,000; that the balance of her work consisted of "trying to straighten out problems" for people she had sold lots to and trying to keep peace and harmony in the community; that based on her computation she had worked 21,480 hours for the defendants over a seven year period for which she had not been paid; and "I think [the value of the services] it's worth a hundred thousand dollars." All of this testimony presents no evidence by which the jury with any degree of certainty could determine the reasonable value of plaintiff's services as a whole. Please note that the cited testimony is all that is even remotely dealing with proof of value of services. Plaintiff offered nothing as to how either the $8,000 or $100,000 figure was computed. See *Woodruff v. Trost,* 73 Ga. App. 608 (37 SE2d 425). The question of damages cannot be left to speculation, conjecture and guesswork. *Studebaker Corporation v. Nail,* 82 Ga. App. 779 (62 SE2d 198); *Bennett v. Assoc. Food Stores, Inc.,* 118 Ga. App. 711, 716 (165 SE2d 581).

It was error to deny the motions for directed verdict and for judgment notwithstanding the verdict. The judgment is reversed with direction to enter a judgment for defendants.

*Judgment reversed with direction. Hall, P. J., Eberhardt, P. J., Quillian, Clark and Stolz, JJ., concur. Pannell, Deen and Evans, JJ., dissent.*

ARGUED OCTOBER 2, 1973 — DECIDED FEBRUARY 26, 1974 — REHEARING DENIED MARCH 14, 1974 —

*Arnall, Golden & Gregory, William R. Harp, Allen I. Hirsch,* for appellants.

*Herbert T. Jenkins, Jr., Fred W. Minter,* for appellee.

DEEN, Judge, dissenting.

This appeal is from a motion for new trial or judgment notwithstanding the verdict in the alternative. I agree with the majority opinion that the plaintiff failed to show facts from which the jury could arrive at a verdict in the sum of $8,000 on a quantum meruit basis, for the reason that her testimony as to $8,000 allegedly due her as real estate commissions shows that some undetermined part of this amount is barred by the statute of limitation. However, the evidence, if believed by the jury, does show some compensable work by the plaintiff either for real estate commissions or efforts in behalf of the corporation accepted by it concerning its disagreements with other land purchasers. I therefore concur in the reversal but would grant a new trial and not a judgment notwithstanding the verdict. *McClelland v. Carmichael Tile Co.,* 94 Ga. App. 645 (96 SE2d 202).

I am authorized to state that Judge Pannell concurs in this dissent.

EVANS, Judge, dissenting.

The majority opinion reverses the trial judge, holding that defendant's motion for directed verdict and motion for judgment notwithstanding the verdict should have been granted.

But the majority overlooks the failure of defendant to make a proper motion for directed verdict. His motion was seemingly based upon plaintiff's claim being barred by the statute of limitation, but it is impossible to determine as to whether he sought a directed verdict as to the entire claim or only part of it. A motion for directed verdict must state the specific grounds therefor. Code Ann. § 81A-150 (a). And said grounds must be set forth with specificity. *Turk v. Jackson Electric Membership Corp.,* 117 Ga. App. 631(1) (161 SE2d 430). A motion, like an objection to evidence, must be overruled if it is too broad, and levels its attack against the whole when only a part is subject thereto. *Employers Liability &c. Corp. v. Sheftall,* 97 Ga. App. 398, 402, 403 (103 SE2d 143).

And of course a motion for judgment notwithstanding the verdict must be premised upon a

valid motion for directed verdict. See: Code Ann. § 81A-150 (b); *Durden v. Henderson,* 212 Ga. 807 (1) (96 SE2d 362).

The complaint in this case was filed on June 29, 1972, and as no written contract was proven, all services rendered prior to June 29, 1968, were barred by the statute of limitation.

Plaintiff testified that her services as real estate salesman terminated prior to 1968, but that her services as public relations representative for defendant lasted until date of filing suit (Tr., p. 29) and thus four years of such services were not barred.

I find the plaintiff's version of her claim most remarkable, and perhaps a strain on the credulity of average jurors. She testified that she had worked for seven years for defendant on an average of 60 hours each week, and had not been compensated. This means she worked six 10-hour days in each week, having only the Sabbath on which to recuperate from her labors, and at the end of the first year, her employer did not pay her. Most employees would have been very much discouraged at this turn of events, but she, with great patience, continued through a second year with the same negative results as to compensation. She worked on through a third, fourth, fifth and sixth year, with the same results, but rebelled at the end of the seventh year and insisted that her employer compensate her, and high time, it appears to me. Three years of this service was barred by the statute of limitation, as she did not have a written contract. The jury decided she was entitled to $8,000, and in my opinion this was strictly a question for the jury. They were not bound by her opinion as to the value of her services. Where opinion evidence is adduced as to the value of services or property, the jury may deal with such testimony as they see fit, and may render a verdict for a higher amount or lower amount than has been given in evidence by any witness. *Baker v. Richmond City Mill Works,* 105 Ga. 225 (1) (31 SE 426); *Reserve Life Ins. Co. v. Gay,* 214 Ga. 2, 3 (102 SE2d 492); *Smaha v. State Highway Dept.,* 114 Ga. App. 60 (1) (150 SE2d 327).

There was ample evidence in the record from which the jury could have arrived at the verdict of $8,000.

But the majority opinion holds that the trial court erred in not directing a verdict for defendant in toto and in not granting its motion for judgment notwithstanding the verdict. In this, they overlook the failure of defendant to make a proper motion for directed verdict, as has been pointed out here. And then, despite the fact that plaintiff testified as to what her services consisted of, and then testified that based on her computation she had worked 21,480 hours for the defendants over a seven-year period for which she had not been paid and "I think (the value of the services) it's worth a hundred thousand dollars," the majority opinion asserts this did not amount to competent evidence by which the jury with any degree of certainty could determine the reasonable value of plaintiff's services. *Why not?* Four years of these services were not barred by the statute of limitation, thus 4/7ths of the total number of hours could be easily computed by the jury, and 4/7ths of the total amount of $100,000 could likewise be computed, showing the value plaintiff placed on her services, and even showing the amount per hour. The following authorities leave it beyond peradventure that this was competent testimony:

"Where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion or belief, giving his reason therefor." Code § 38-1708. "Direct testimony as to market value is in the nature of opinion evidence. One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion." Code § 38-1709.

Evidence of value is not to be excluded merely because it depends on hearsay. *Powers v. Powers,* 213 Ga. 461, 462 (2) (99 SE2d 818).

A witness may swear to his *belief or opinion* as to the value of services, especially where he gives facts on which his testimony is based. *W. & A. Railroad v. Townsend,* 36 Ga. App. 70 (2) (135 SE 439).

The court did not err in refusing to rule out evidence that $250 per month would be a reasonable charge for a person to wait on the widow. *Rogers v. Woods,* 66 Ga. App. 195, 196 (2) (17 SE2d 283).

Witnesses may give their opinion as to value of

services, but jury not bound by opinions of witnesses. *Daniell v. McRee,* 31 Ga. App. 210 (1) (120 SE 448).

Plaintiff may testify as to annual value of his personal services prior to injury. *Central of Ga. R. Co. v. Hartley,* 25 Ga. App. 110, 112 (103 SE 259); *City Electric R. Co. v. Smith,* 121 Ga. 663, 664 (49 SE 724); *Eagle & Phoenix Mfg. Co. v. Browne,* 58 Ga. 239 (1).

The majority cites *Woodruff v. Trost,* 73 Ga. App. 608 (37 SE2d 425); *Studebaker Corp. v. Nail,* 82 Ga. App. 779 (62 SE2d 198) and *Bennet v. Associated Food Stores, Inc.,* 118 Ga. App. 711 (165 SE2d 581) to support its contention that her evidence was not competent to support a verdict. But these authorities do not support the premise of the majority opinion. *Studebaker* is as to suit on warranty of an automobile, and has no relationship to personal services. *Bennett* is as to damage to two trucks and three trailers, and has no relationship to personal services. The only one of the three cases cited by the majority opinion here that relates to personal services is *Woodruff,* wherein there was no evidence to show that the actual work done was worth a particular amount; and no evidence to show how many days plaintiff worked or the amount of work performed. Contrary to these facts, in the case now under consideration the plaintiff testified as to the number of hours she worked, and gave her opinion as to the worth of the actual work done. She testified that she worked 21,480 hours (7 years), and that the total value was $100,000. Only 4 years of this time was within the statute of limitation, and by simple computation 4/7ths of the total hours and 4/7ths of the total amount claimed are clearly and competently shown by her testimony.

For all of the foregoing reasons, I respectfully dissent and would vote to affirm the trial court and uphold the verdict and judgment for the plaintiff.