[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14275
Non-Argument Calendar

_____

D. C. Docket No. 04-00020-CV-3

NEPTUNE EQUITIES, INC.,

Plaintiff-Counter-
Defendant-Appellee,

versus

BEARDEN OIL CO., INC.,
FERN BEARDEN,
L. WENDELL BEARDEN,
individually,

Defendants-Counter-
Claimants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(April 24, 2008)**

Before ANDERSON, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Fern Bearden, Wendell Bearden, and Bearden Oil, Inc. (collectively "Bearden") appeal the district court's denial of their renewed motion for judgment as a matter of law in a breach of contract action brought by Neptune Equities, Inc. ("Neptune"). Bearden claims that Neptune failed to present sufficient competent evidence from which the jury could calculate damages with reasonable certainty. For the reasons stated below, we affirm.

## I. Background

Neptune sued Bearden for breach of contract related to a $250,000 promissory note Bearden Oil signed[1] as part of a business deal whereby Bearden Oil purchased assets from Neptune.[2] The trial transcript shows that the $250,000 note was payable in 60 consecutive monthly installments of $5,159.33 at an annual interest rate of 8.75%. The note provided for a 10-day grace period if a payment was late, but indicated that if a late payment exceeded this grace period, a 10% late fee was to be charged.

---

[1] Both Fern and Wendell Bearden personally guaranteed the note.

[2] Neptune was assigned the promissory note and personal guarantees on July 20, 1998 from A-1 Specialties Gasoline—the original party in the deal with Bearden Oil—but for simplicity we refer to the interest as always belonging to Neptune.

The note also provided that if a certain event did not occur, the principal would be reduced by $25,000. It was undisputed at trial that such an event did not occur and that, therefore, the principal was to be reduced by $25,000.

Testimony established that Bearden made 10 payments on the loan before defaulting, and Neptune agreed that any award in its favor should be offset by $17,646.38 for monies owed to Bearden pursuant to another related agreement.

At the close of evidence, Bearden moved for judgment as a matter of law, contending that Neptune failed to provide sufficient competent evidence from which the jury could award damages with reasonable certainty. The judge denied the motion. Bearden renewed the motion following trial and, again, it was denied.

The jury awarded $331,443.25 to Neptune based on the promissory note and $35,464.08 in attorneys' fees. The attorneys' fees award is not in dispute. Rather, the sole issue on appeal is whether Neptune put forth sufficient competent evidence from which the jury could calculate damages with reasonable certainty with regards to the breach of the promissory note.

## II. Standard of Review

We review a denial of a motion for judgment as a matter of law de novo. Mut. Serv. Cas. Ins. Co. v. Henderson, 368 F.3d 1309, 1314 (11th Cir. 2004). The same standards used by the district court are to be applied by the reviewing court.

3

SEC v. Adler, 137 F.3d 1325, 1340 (11th Cir. 1998). A district court in considering a motion for judgment as a matter of law must evaluate all the evidence, together with any logical inferences, in the light most favorable to the non-moving party. Carter v. DecisionOne Corp., 122 F.3d 997, 1003 (11th Cir. 1997). A motion for judgment as a matter of law cannot be granted if reasonable and fair-minded people in the exercise of impartial judgment might reach a different conclusion from the evidence at trial. Walls v. Button Gwinnett Bancorp, Inc., 1 F.3d 1198, 1200 (11th Cir. 1993).

## III. Discussion

When a plaintiff alleges the breach of a promissory note, the plaintiff must show both the breach and the damages. Bennett v. Associated Food Stores, Inc., 165 S.E.2d 581, 716 (Ga. App. 1968). This evidentiary showing must be done by evidence which will furnish the jury with data sufficient to enable it to estimate damages with reasonable certainty. Id. The jury cannot be left to speculation, conjecture, and guesswork.

There are no Georgia cases that have facts exactly as they exist in this case, and the cases Bearden cites are either irrelevant or distinguishable. In Bennett, for example, the plaintiff sued for breach of contract but only provided data showing lost revenue, failing to show expenses so that the jury could properly calculate lost

4

profits.  Id. at 716-718.  The court wrote that without evidence of expenses, there was insufficient evidence to enable the jury to calculate lost profits with reasonable certainty.  Id. at 718.  That case is very different from the case before us.

Here, the jury had a copy of the promissory note and evidence that the original principal amount was $250,000; the annual interest rate was 8.75%; 60 consecutive monthly payments were to be made at the rate of $5,159.33; 10 payments were made; that there was a 10-day grace period for late payments and if a late payment exceeded this grace period, a 10% late fee would be charged. Additionally, the jury was told that the original principal amount was reduced $25,000 and that any award was to be offset by $17,646.38.

The jury could infer that the 10 payments that Bearden made were the first 10 payments due and that Bearden defaulted thereafter, triggering the 10% late fee. The jury could also infer that those 10 payments were for $5,159.33 each.  Viewed in the context of the entire damages model, we cannot say that Neptune's evidence on damages arises to the level of making the jury's task speculative guesswork. See Accent Walls, Inc. v. Parker, 162 292 S.E.2d 509, 510-511 (Ga. App. 1982) (evidence was insufficient where plaintiff failed to introduce evidence of the cost to repair a defective swimming pool where the cost of repairs was the proper measure of damages); Development Corp. of Georgia v. Berndt, 205 S.E.2d 868,

5

869-870 (Ga. App. 1974) (evidence was insufficient where plaintiff alleged she had provided services to defendant worth $100,000 but offered no evidence to prove that the reasonable value of her services was $100,000); Bennett, 165 S.E.2d at 717. We cannot say that the district court erred in denying the renewed motion for judgment as a matter of law as the jury had data sufficient to enable it to establish damages with reasonable certainty.

Accordingly, we **AFFIRM**.