## KELLY v. THE STATE.

SIMMONS, C. J.   1. Where in the trial of a criminal case the accused sought to impeach the witnesses for the State by proof of contradictory statements and of general bad character, and the judge in charging as to how witnesses may be impeached recited section 1026 of the Penal Code upon this subject, there being no evidence of the good character of any of the witnesses, the last clause of that section, to the effect that a witness, when impeached, may be sustained by proof of general good character, was improperly given in charge, but, under the facts of this case, was a harmless error.   The facts of this case differ from those of *Hart* v. *State*, 93 *Ga.* 160, in that there was no evidence to which the jury could have applied that part of the code section which was inapplicable to the case.

2. Under the Civil Code, § 5280, either party to a case has a right to have the witnesses for the other side examined out of the hearing of each other, but whether such witnesses should be instructed not to converse with other persons or with each other, and whether the witnesses who have been examined should be allowed to return to the room in which the others are waiting, are questions within the sound discretion of the trial judge, to be determined in the light of his knowledge of the witnesses and of the case. His discretion as to these matters will not be controlled unless manifestly abused.

3. There was no material error in any of the rulings of which complaint is made, and the evidence authorized the verdict.

*Judgment affirmed. By five Justices.*

Submitted July 23, — Decided August 11, 1903.

Accusation of selling liquor. Before Judge Sparks. City court of Brunswick. June 15, 1903.

*Krauss & Sheppard, Frank H. Harris,* and *Woodford Mabry,* for plaintiff in error. *J. T. Colson, solicitor,* contra.