### 675. JENKINS *v.* THE STATE.

1. To instruct a jury in a case where the defendant is charged with carrying a concealed pistol, and where his defense is that he had no pistol at all, that "if *the* pistol was carried so exposed to view that it could readily be seen and recognized as a pistol, . . ; he carried it, in legal

contemplation, in an open manner; if he carried it concealed, but for a moment, the offense of carrying a concealed weapon is complete," is, in the absence of any instruction to the jury that they must determine from the evidence whether the defendant actually had a pistol or not, such an intimation of opinion, that he had a pistol, as practically eliminates his defense, and demands the grant of a new trial.

2. To instruct the jury that a witness sought to be impeached may be sustained by proof of general good character is erroneous, in the absence of any evidence as to his good character. The law should fit the facts.

Accusation of carrying concealed weapon, from city court of Ashburn—Judge Hawkins. May 27, 1907.

Submitted October 7,—Decided October 14, 1907.

*James H. Pate, J. J. Forehand,* for plaintiff in error.

*J. A. Comer, solicitor,* contra.

RUSSELL, J. The defendant was convicted of the offense of carrying concealed weapons. Outside of the general grounds of the motion for new trial, the assignments of error all relate to alleged errors in the charge of the court. The first instruction complained of is as follows: "I charge you, gentlemen of the jury, that if the pistol was carried so exposed to view that it could readily be seen and recognized as a pistol, . . he carried it, in legal contemplation, in an open manner; if he carried it concealed, but for a moment, the offense of carrying a concealed weapon is complete." The objection raised is that this instruction contained an intimation of opinion, unless it had been qualified by the appropriate charge that it would be the duty of the jury first to determine whether or not the defendant did have a pistol at the time and place charged in the accusation. It is possible to construe the language of the judge, taken by itself, so as to infer that he had in contemplation the pistol mentioned in the evidence, but the instruction complained of must be considered in connection with its context. The sentence complained of follows immediately a quotation of §341 of the Penal Code, defining the offense, and immediately precedes the proper instruction of the court on the presumption of innocence. The only criticism, therefore, that can be passed upon the excerpt of the charge complained of, when taken by itself, is that the definite article "the" is used instead of the indefinite "a." The charge would have been more

exact had the judge said "if *a* pistol is carried," etc., and the substitution of "*a*" for "the" would have relieved this first difficulty. But this does not reach the root of plaintiff in error's complaint. The essence of his defense was that he did not have a pistol at all, concealed or not concealed. The court omitted anywhere in the charge to clearly present this defense to the jury. The language used in the instruction complained of, if nothing else, made it absolutely necessary that this theory should be presented. If the court had instructed the jury that unless they were satisfied that the defendant had a pistol, or, if they were not satisfied that he had a pistol at the time and place alleged, they should acquit him, the language used would not have amounted to such an intimation of opinion as to constitute reversible error. If the judge had even inserted parenthetically into the first portion of the charge complained of the words, "if you believe, from the evidence, that the defendant had a pistol at the time alleged," the jury might not have been influenced; the charge *might* not have been error. See *A. & B. Air-Line Ry.* v. *McManus,* 1 *Ga. App.* 302 (58 S. E. 258). But with the theory of the defendant's statement not presented (although, in the absence of a request, it need not, generally, be presented), the language used could convey to the jury the impression that the defendant had a pistol at the time and place alleged, and that the jury had only to determine the single question whether it was concealed.

The second portion of the charge excepted to is that relating to the impeachment of witnesses. It was inapplicable to the facts. The portion excepted to was as follows: "When thus impeached he may be sustained by proof of general good character. The effect of the evidence is to be determined by the jury." This charge was inappropriate and erroneous, because no testimony was introduced as to the general good character of the witness sought to be impeached, nor was there any other testimony by which the impeached witness could have been corroborated. There is no proper assignment of error as to the third portion of the charge to which exception is taken, and therefore the exception can not be considered.                              *Judgment reversed.*