## Brand *v.* Bagwell.

Beck, J. 1. In the trial of an issue made by the interposition of a claim by the wife of the defendant in fi. fa., upon a levy of the same, to certain personalty and an undivided one-half interest in a lot of land, it was not error for the court to refuse to admit as evidence the homestead taken by the husband of claimant in a lot of land' entirely distinct from the one levied on.

2. The court having charged the jury, that, "If the wife has a separate estate and purchases property from other persons than her husband, and the property is levied on as the property of the husband, the onus is upon the creditor to show fraud or that she did not have the means wherewith to purchase the property," it was error, under the evidence in this case, to fail to charge that "A married woman may make contracts with other persons; but when a transaction between husband' and wife is attacked for fraud by the creditors of either, the onus is on the husband and wife to show that the transaction was fair;" there being some evidence tending to show that the property levied on had been purchased with the money of the husband, and that the title of the wife was only colorable—having its origin in transactions between the husband and wife, which were a part of a fraudulent scheme upon the part of the husband and wife to defeat the demands of the husband's creditors. Civil Code, § 2492.

3. The controlling question under investigation and for determination in the case being as to whether or not the property levied upon, and claimed by the wife, had been purchased with the money of the husband, though the paper title appears to be unquestionably in the wife, and there being oral evidence tending to show certain material facts and circumstances to be considered by the jury in passing upon that question, it was error requiring the grant of a new trial for the court to instruct the jury that the highest evidence in the case was the written evidence.

4. The court did not err in giving the following charge to the jury: "I charge you that if it appears by a preponderance of the testimony in this case that the husband of the claimant conducted her business and contributed his services free of charge to her, that he had a legal right to do so, and none of his legal creditors have the legal right to object to it. A person, though insolvent, can legally give away his services, and the so doing is not a fraud on his creditors." *Wilson* v. *McMillan*, 62 *Ga.* 16 (35 Am. R. 115).

5. The court gave the following instructions to the jury: "The jury must believe the evidence of all the witnesses, unless impeached in some of the modes prescribed by law, or the facts testified to by such witness or witnesses have been disproved. Witnesses may be impeached by proof of general bad character; second, by proof of contradictory statements made in reference to or about the case; third, by disproving the facts testified to by them." Such a charge is error, there being other legal ways of discrediting a witness besides those prescribed in the code. *Chapman* v. *State*, 109 *Ga.* 157 (34 S. E. 369).

6. The court should not charge the jury that "witnesses may be impeached

by proof of general bad character," unless there is, on the trial, an attempt to impeach a witness by evidence tending to show his general bad character.

7. Other instructions of the court upon the subject of the credibility of witnesses were not expressed with entire aptness, but are not of such a character as to require the grant of a new trial.

*Judgment reversed. All the Justices concur.*

Argued June 23, 1909.—Decided January 13, 1910.

Claim. Before Judge Worley. Gwinnett superior court. December 10, 1908.

*F. F. Juhan* and *F. C. Foster,* for plaintiff.

*W. E. Simmons,* contra