## 4211.  JOYNER *v.* THE STATE.

1. In the use of a sound discretion the presiding judge may ask questions of a witness on the stand, but he should not do so in such a way as may tend to discredit the witness, or to intimate an opinion upon the evidence, to the prejudice of the accused.
2. When the only testimony which can be construed as tending to ·sustain a witness, whose credibility is attacked by proof of contradictory statements as to matters material to. the issue, is to the effect that the witnesses "have not heard anything against him," and it appears, · from the testimony, that they have only known him for one month, the evidence does not authorize an instruction that such witness may be sustained by proof of general good character.  The period of time is so limited as to preclude the possibility of the sustaining witnesses having that knowledge which the law requires as to the general reputation of the witness whom it is attempted to impeach.
3. Assignments of error in a petition for certiorari, which are unsupported by the answer, can not be considered by a reviewing court.
DECIDED FEBRUARY 4, 1913.

Certiorari; from Wayne superior court—Judge Conyers.  April 18, 1912.

*James R. Thomas,* for plaintiff in error.

*J. H. Thomas, solicitor-general,* contra.

RUSSELL, J.  Only two of the assignments of error contained in the petition for certiorari are fully verified by the answer of the judge of the county court; and the judge of the superior court did not err in declining to consider those assignments which were not verified.  As to the refusal of the defendant's motion for a mistrial, which was based upon the fact, as alleged in the motion, that the sheriff was the prosecutor in the case, and for that reason should not have had charge of the jury nor conversed with them, the judge of the ·county court, in his answer, says that the defendant's counsel consented for the sheriff to take· charge of the jury, and thus waived the disqualification incident upon the ' fact that he was also the prosecutor; and the counter-showing to the motion for mistrial was sufficient to show (aside from the fact that the sheriff was merely a nominal prosecutor) that nothing he

could have said or done while the jury was in his charge could have been prejudicial to the accused. According to the answer of the judge of the county court, the disqualification of the sheriff (which is manifest) was waived.

We think the judge of the superior court erred in overruling the certiorari, because his decision in the case should have been controlled by the rulings of this court in *Sharpton* v. *State*, 1 *Ga. App.* 542 (57 S. E. 929), and *Taylor* v. *State*, 2 *Ga. App.* 729 (59 S. E. 12), and of the Supreme Court in *Harris* v. *State*, 61 *Ga.* 359, and *Grant* v. *State*, 122 *Ga.* 743 (50 S. E. 946). During the trial Eli Thompson testified that he had never bought any whisky from the defendant, nor heard of his having sold any whisky, but that he had once borrowed from him a quart of whisky, which he had not paid back. The court propounded to him this question: "What do you owe him for the quart of whisky you say you got from him on Sunday morning? To which the witness replied: "I was to pay him back with another quart of the same kind of whisky, but he has been in jail ever since, and therefore I have not had a chance to return it." Thereupon the defendant's counsel made a motion for a mistrial, upon the ground that the court had intimated, in the hearing of the jury, by asking the above question, that the defendant had sold whisky to the witness, Eli Thompson. The judge overruled the motion, but, later during the trial, told the jury that while he had not meant to intimate any opinion as to the guilt or innocence of the defendant by asking the foregoing question, yet, as the counsel for the defendant seemed to understand it as intimating an opinion, the court withdrew the question, and instructed the jury not to consider it in any way in connection with the trial of the case. We think the peculiar question which the court interjected into the trial must be presumed to have been prejudicial to the accused, when the circumstances are considered in connection with it. The witness had testified to the good character of the accused, and that he had never, during the two years he had known the accused, heard of his selling any whisky. He testified that he had employed counsel to defend the accused, because he did not believe he was guilty, and that all he knew about the case was that he (the witness) had borrowed a quart of whisky from the accused one Sunday morning. As he was reiterating that he went to the defendant's house and borrowed

a quart of whisky from him, and that that was all he knew about the case, and at the conclusion of his testimony in chief, the court asked, "What do you owe him for the quart of whisky you say you got from him on Sunday morning?"—thus manifestly intimating that the witness had not truthfully stated the transaction referred to as having occurred on Sunday morning, or that the facts stated constituted, in law, a sale of whisky. The question will not admit of any other interpretation. The witness had not testified that he had bought any whisky, or that he had agreed to pay for any, and yet the form of the question implied that the transaction to which the witness had reference was a sale, instead of a loan. Naturally, the jury, who are always most attentive to whatever falls from the lips of the court, would be impressed that the judge did not believe the witness when he said that he had borrowed the whisky which he got from the defendant, or that, granting the statement of the witness to be true, the facts as stated by him made a case of illegal sale of whisky; and, under the rulings in the cases cited, supra, the defendant was entitled to a new trial upon conviction, or to a mistrial if there was a timely request for such an order.

The trial judge has the right to propound any number of questions to any witness, for the purpose of fully developing the truth of a case; and the extent of such examination of the witness is a matter within the judge's own discretion; but this discretion is abused, and the requirement of section 4863 of the Civil Code and of section 1058 of the Penal Code, that a new trial shall be granted, is mandatory, if the examination takes such a course as to be argumentative in its character, or if any opinion is expressed or intimated by the court as to what has or has not been proved, or if the question is such as will tend to discredit the witness. The trial judge can ask questions, but, in endeavoring to illustrate the truth, he should not use any expression which might intimate an opinion upon the facts and which is calculated to injure the rights of either party.

In our opinion, the expression in the present case is more prejudicial than the language used in the interrogatory quoted in the *Sharpton* case, supra. In the case at bar the testimony of the witness whom the judge's question tended to discredit was very material, if for no other reason than that he admitted his interest

in the accused and testified strongly to his good character, as well as to circumstances which tended to show that the accused had not violated the law. The fact that the accused had loaned to the witness a quart of whisky was of itself likely to be damaging, unless it was fully explained, and unless the defendant's possession of the whisky was fully and satisfactorily explained.

*Judgment reversed*