TALLEY, administratrix, *v.* SOUTHERN REAL ESTATE AND IN-
VESTMENT COMPANY.

GILBERT, J.  This is a suit brought by auctioneers against a successful
bidder at an auction sale, to enforce specific performance of two con-
tracts for the purchase of land.  The petition alleges, in substance, that
the auctioneers in such sale acted as agents of the designated owner
of the land, and were to be compensated for their services by a stated
commission on the proceeds derived from the sales; that these facts
were all well known to the successful bidder; that such bidder executed
two written contracts, duplicates except as to the amounts to be paid,
notes to be executed, and the descriptions of the lands, one of which
was as follows: "This is to certify that I have this day purchased
at public auction from the Southern Real Estate & Investment Company,
as agent for Buell Stark, that tract or parcel of land known as tract
— as shown on map of survey made by R. L. Brown, containing 80 acres,
for which I agree to pay the sum of $35.50 dollars per acre, upon the
following terms; ¼ cash, balance in three equal annual payments, defer-
red payments bearing interest at the rate of 8% per annum from January
1st, 1920; and I agree to execute promissory notes for the deferred
payments.  The purchase of this property is made subject to all exist-
ing rental contracts for the year 1920.  Witness my hand and seal,
this the 23rd day of December 1919.  W. S. Talley."  No memorandum
of the auctioneer was made, so far as the record discloses.  The petition
further alleges, that said bidder failed and refused to perform his
contract, without legal excuse; that the owner had offered to perform,
but refused to bring suit for specific performance.  Defendant demurred
to the petition, upon several grounds, among them that the contract
signed by the purchaser is unilateral, the same not having been signed
by the auctioneer or the owner of the land, and failing to create any
obligation on the part of the vendor which could be enforced by the
bidder.  The demurrer was overruled, and the defendant excepted. *Held:*

1. The court erred in refusing to sustain the demurrer to the petition,
on the ground that the instrument signed by the bidder was unilateral.

2. The case differs from that class of cases founded upon memorandums
of the auctioneer, who under the statute is considered the agent of
both parties so far as to dispense with any memorandum in writing
other than his own entries.  Civil Code (1910), § 4107.

*Judgment reversed.  All the Justices concur, except Fish, C. J., absent
because of sickness.*

                    No. 2573.  NOVEMBER 17, 1921.

     Action for specific performance.  Before Judge Tarver.  Whit-
field superior court.  September 25, 1920.

     *Maddox, McCamy & Shumate,* for plaintiff in error.

     *C. D. McCutchen* and *F. K. McCutchen,* contra.