15706.  McCOMMONS-THOMPSON-BOSWELL Co. *v.* WHITE *et al.*

BELL, J. A landlord claiming that his tenant had sold a part of the
crops without paying the rent procured the issuance of a distress war-
rant, and sued out garnishment in which a summons was served upon
the purchaser. The purchaser answered not indebted and no property
subject to the summons; and to this answer a traverse was filed. "It

was agreed between counsel in open court that no point at all was made on the garnishment proceeding—that the case was being tried on its merits, and no point was made that garnishment was not the proper remedy if the plaintiff was entitled to recover." In arguing the legal questions involved both parties have treated the case here as if it had been tried in the court below as a claim case, the landlord occupying the position of plaintiff in fi. fa., and the garnishee that of claimant. No obstacle appearing, this court will deal with the case accordingly, referring to the parties respectively as plaintiff in fi. fa. and claimant. A verdict was found for the plaintiff in fi. fa., and the claimant excepts to the overruling of its motion for a new trial. *Held:*

1. "A bona fide purchaser, without notice, of a crop grown on rented premises will be protected against the lien, general or special, of the landlord for rent." *Thornton* v. *Carver*, 80 *Ga.* 397 (6 S. E. 915).

2. At the outset of the court's charge the jury were instructed as follows: "Now this makes the issue for you to try: whether McCommons-Thompson-Boswell Company were in possession, or afterwards came into possession, of money or other things of value belonging to G. W. Moon. Unless F. L. White has proven . . that McCommons-Thompson-Boswell Company did have money or other thing of value belonging to G. W. Moon, it would be your duty to find in favor of McCommons-Thompson-Boswell Company." This charge is assigned as error upon the ground that the claimant admitted that it had come into possession of property belonging to the defendant in fi. fa., but claimed to have received the same as a bona fide purchaser, without notice of the landlord's lien. The giving of this excerpt was not cause for a new trial, since the court elsewhere in the charge fully and correctly instructed the jury that if the claimant was such a purchaser, a verdict should be returned in its favor.

(a) "Even though a particular instruction taken alone may be open to the criticism that it required a given qualification, yet where it plainly appears that elsewhere in the charge this very qualification of the doctrine laid down in such instruction was so distinctly and clearly stated as that the jury were not misled as to the true law, the giving of the instruction will not require the granting of a new trial." *Wilson* v. *Small*, 28 *Ga. App.* 587, 592 (113 S. E. 238).

3. The court charged the jury as follows: "The law is very kind to landlords, and in that connection I will read you section 3340 of the code: 'Landlords shall have a special lien for rent on crops made on land rented from them, superior to all liens except liens for taxes, to which they shall be inferior.' I charge you in that connection that such liens arise by operation of law, and do not have to be recorded as do judgments, liens, mortgages and other like liens. On the other hand, the law is equally kind to bona fide purchasers for value. I charge you in that connection, that if you believe from the evidence that McCommons-Thompson-Boswell Company bought from G. W. Moon the two bales of cotton in good faith, before a levy, your verdict should be in favor of McCommons-Thompson-Boswell Company. I charge you also in that connection, that if you believe from the evidence, or from the circumstances developed in the case, that McCommons-Thompson-Boswell Company, at the time they took the cotton, had actual or constructive

notice that the landlord had a lien on the cotton, then it would be your duty to find for F. L. White. In this connection, I will read section 4530 of the code: 'Notice sufficient to excite attention and put a party on inquiry is notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact due to negligence is equivalent to knowledge in fixing the rights of parties.' So you will take all of the evidence which tends to illustrate to you the sole issue in this case, namely, the question of good faith in McCommons-Thompson-Boswell Company in purchasing this cotton." It is not reversible error that the court, in this excerpt, after charging that "the law is very kind to landlords," immediately instructed them that, "on the other hand, the law is equally kind to bona fide purchasers for value," upon the ground assigned, namely, "that the rights . . of a bona fide purchaser are superior to, and not equal to, the rights of a landlord." It was probably inapt to instruct the jury with respect to the "kindness" of the law to either party, but since the jury were specifically informed that if the claimant was a purchaser bona fide, and without notice of the plaintiff's lien, it would be entitled to a verdict, the claimant was not prejudiced by the implication that the law was not "more kind" to the claimant than to the plaintiff landlord, as contained in the statement that it was "equally kind."

(a) It appears from the context that the court, in using the phrase "constructive notice," had reference to the notice with which a party may be charged under section 4530 of the Civil Code (1910). Whether the characterization was in a legal sense entirely accurate, there was no error in the excerpt quoted above, or in the part in reference to "constructive notice," upon the ground that the lien claimed by the plaintiff in fi. fa. was not one of record nor one required to be recorded, and that the claimant could not be bound by any except actual notice. See *Wiley* v. *Rome Insurance Co.*, 12 *Ga. App.* 186 (2) (76 S. E. 1067); *Liverpool &c. Insurance Co.* v. *Hughes*, 145 *Ga.* 716 (2) (89 S. E. 817); 9 Michie Ency. Dig. Ga. R. 724; *Greene* v. *Matthews*, 31 *Ga. App.* 265 (7) (120 S. E. 434).

4. The plaintiff in fi. fa. sought to impeach a witness introduced by the claimant by proof of contradictory statements previously made by the witness, relevant to his testimony and to the case. The claimant did not seek to sustain the witness by proof of general good character. The court instructed the jury that a witness may be impeached "by proof of contradictory statements previously made," and added that "he may be restored to credit by proof of good character." Even assuming that this additional charge was inapplicable as being unauthorized by the evidence and therefore erroneous, under the facts of this case the error was harmless. *Mills* v. *Pope*, 20 *Ga. App.* 820 (2) (93 S. E. 559); *Helms* v. *State*, 136 *Ga.* 799 (3) (72 S. E. 246); *Kelly* v. *State*, 118 *Ga.* 329 (1) (45 S. E. 413). This case is distinguishable from *Hart* v. *State*, 93 *Ga.* 160 (20 S. E. 39); *Jenkins* v. *State*, 2 *Ga. App.* 626 (2) (58 S. E. 1063); *Joyner* v. *State*, 12 *Ga. App.* 217 (2) (77 S. E. 9); *Sandersville Oil Mill Co.* v. *Globe & Rutgers Fire Ins. Co.*, 32 *Ga. App.* 722 (10) (124 S. E. 728). See *Alexander* v. *State*, 32 *Ga. App.* 488 (3) (123 S. E. 923).

5. The burden was upon the claimant to prove that in purchasing the property in question it acted in good faith and without notice. *Eason* v.

*Vandiver,* 108 *Ga.* 109 (1) (33 S. E. 873); *Ray* v. *Atlanta Trust & Banking Co.,* 147 *Ga.* 265 (6) (93 S. E. 418). The evidence did not demand a finding in the claimant's favor, but the verdict found for the plaintiff in fi. fa. was authorized.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 18, 1924.

Garnishment; from city court of Greensboro—F. B. Shipp, judge pro hac vice. May 7, 1924.

*J. G. Faust,* for plaintiff in error.

*Noel P. Park,* contra.

