19371.   BART *v.* SCHEIDER.

DECIDED MARCH 6, 1929.

*Oliver & Oliver, McIntire, Walsh & Bernstein,* for plaintiff in error.

*Lawrence & Abrahams,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) ▮ The assignment of error that the verdict is excessive can not be considered, because it "amounts to no more than an amplification of the general grounds that the verdict is contrary to the evidence, as it does not point out wherein or for what reason the verdict is

excessive." *Continental Aid Association* v. *Hand,* 22 *Ga. App.* 727 (97 S. E. 206) . See *Callaway* v. *Atlanta,* 6 *Ga. App.* 355 (2) (64 S. E. 1105). In the case just cited this court held that "assignments of error must be specific whether contained in a bill of exceptions or in a petition for certiorari." See section 5199 of' the Civil Code of 1910. Moreover, "The excess in the amount of the original verdict for damages in this case did not necessarily indicate that it was induced by bias or prejudice; and it appearing that the plaintiff voluntarily wrote off enough of the amount to bring it within the measure of damages proved, the court did not err in refusing to grant a new trial because of the excessive verdict." *Bugg* v. *Harper,* 36 *Ga. App.* 39 (135 S. E. 109).

■ The amendment to the motion for a new trial, ground A , is as follows: "that the court erred in charging the jury as follows: 'I charge you that if the defendant violated either one or both of these ordinances, and the evidence which you believe has disclosed that fact to you, he would be guilty of negligence under the law, and the law which places a liability upon him for such negligence, provided, however, that by the use of ordinary care and diligence, the plaintiff could not have avoided the injury to himself.'" This is alleged to be error "for the reason that the negligence of the son was an issue and not the negligence of the plaintiff himself." Practically the same. error is alleged in special grounds C, D, and E. The use of the word "plaintiff" instead of the words "plaintiff's son" was evidently a mere lapse of the tongue; and mere inaccuracies of expression or slight errors which are not likely to obscure the meaning of the court or mislead the jury will not authorize this court to set aside a verdict where the charge is otherwise correct. In view of the allegations of the petition, the answer, the evidence, and the entire charge, we do not think the jury could have been misled by this slight lapse of the tongue. *Louisville & Nashville Railroad Co.* v. *Culpepper,* 142 *Ga.* 275 (2), 276 (82 S. E. 659), and cit.; *O'Dell* v. *State,* 120 *Ga.* 153 (2) (47 S. E. 577); *Central of Ga. Ry. Co.* v. *Hartley,* 25 *Ga. App.* 112 (8) (103 S. E. 259); *Dawson Pecan Co.* v. *Montezuma Fertilizer Co.,* 19 *Ga. App.* 44 (11) (90 S. E. 984).

■ In instructing the jury upon the impeachment of witnesses the judge gave in charge section 5880 and section 5881 of the Civil Code. The court is alleged to have erred in instructing the

jury that "where a witness is not impeached except by disproving the truth of his evidence or by testimony tending to disprove it, such witness can not be supported by proof of his general good character."

█ In so far as section 5880 is concerned, this criticism is not applicable. Sections 5880 and 5881, as given in charge to the jury, were separated by a period, and each was given in its entirety. Correctly construing the charge, the words, "when a witness is thus impeached he can be sustained by proof of general good character, the effect of same to be determined by the jury," are a part of section 5881, and relate to that section only. The charge as given does not qualify section 5880. Even should we grant that this part of the charge could be construed as applying to section 5880, the charge would be harmless, as the jury could not have been misled thereby, for the reason that there was no evidence introduced or offered to sustain any witness by proof of good character.

█ Nor was there error in reading to the jury all of section 5881. As is said above, the judge is alleged to have erred in giving in charge the last clause of section 5881. The reading of this clause to the jury is specifically alleged to be error because there was no evidence of the good character of the witness whose testimony was attached, and it is insisted that "in the absence of good character such charge was erroneous." On the trial there was no attempt to establish the credibility of any witness by proof of good character. In *Helms* v. *State*, 136 *Ga.* 803 (72 S. E. 247), Presiding Justice Evans said: The judge "read the entire section of the Code [Penal Code of 1910, § 1052; Civil Code, §5881], the last sentence of which is as follows: 'When thus impeached he may be sustained by proof of general good character, the effect of the evidence to be determined by the jury.' Error is assigned upon the reading of this code section in its entirety because there was no attempt to sustain the witness by proof of general good character. We do not think this is sufficient ground for new trial. The State did not attempt to establish the credibility of the witnesses by proof of good character, and the reading of the entire code section, under the facts of this case, is not reversible error. *Kelley* v. *State*, 118 *Ga.*, 329 (45 S. E. 413)." The words of Justice Evans are applicable here. See *McCommons-Thompson-Boswell Co.* v. *White*, 33 *Ga. App.* 22 (4) (125 S. E. 76).

■ The charge is further alleged to be error because the judge instructed the jury as follows: "I charge you that if a witness has been successfully impeached as to a matter material, that his testimony should be disregarded, unless it is corroborated, in whole or in part, by other testimony, or other circumstances in the case." Under the facts of the case and in the light of the remainder of the charge, these instructions are not cause for a new trial. Immediately preceding the excerpt just quoted the jury had been instructed as follows: "I charge you that the jury must determine the weight of the evidence and the credibility to be given to testimony, including whether or not impeachment, if it has been attempted, has been successful." Citing *Powell* v. *State,* 101 *Ga.* 9 (5), 19 (29 S. E. 309; 65 Am. St. R. 277), and *Hamilton* v. *State,* 143 *Ga.* 265 (4) (84 S. E. 583), the Supreme Court, in *Landers* v. *State,* 149 *Ga.* 482 (100 S. E. 569), held that the following charge was not error: "When a witness has been successfully impeached by any of the legal methods, that is, where his unworthiness of credit is absolutely established in the minds of the jury, he ought not to be believed, and it is the duty of the jury to disregard his entire testimony, unless it is corroborated, in which case you may believe the witness; it being, as a matter of course, always for the jury to determine whether a witness has been in fact so impeached." In *Harris* v. *State,* 1 *Ga. App.* 138 (57 S. E. 938), Chief Judge Hill said: "If a witness is successfully impeached, it is the duty of the jury to discard the testimony of that witness altogether, unless corroborated in material particulars by the other facts and circumstances of the case. The foregoing charge is assigned as error for the reason that ' if a witness has been successfully impeached, the jury ought to disregard and discard his evidence altogether.' This charge of the court is substantially in the language of the Civil Code, § 5295; and similar charges have been approved by many decisions of the Supreme Court." See also *Powell* v. *State,* 122 *Ga.* 571 (50 S. E. 369) ; *Grant* v. *State,* 118 *Ga.* 806 (45 S. E. 603) ; *Holston* v. *Southern Ry. Co.,* 116 *Ga.* 661, near bottom of page (43 S. E. 29) ; *Huff* v. *State,* 104 *Ga.* 523 (2) (30 S. E. 808) ; *Williams* v. *State,* 69 *Ga.* 14 (28) ; *Rice* v. *Eatonton,* 15 *Ga. App.* 509 (83 S. E. 868) ; *Brown* v. *State,* 10 *Ga. App.* 50 (2) (72 S. E. 537).

■ The last ground of the motion alleges that the court, after

having charged the jury as to the measure of damages, and after the jury were instructed that "if you arrive at a gross sum which would be fairly compensatory you must reduce the gross amount to its present cash value," erred in not charging the jury as to how they should arrive at the present cash value. There was no request for further instructions in reference to this matter. Under the rulings of this court and of the Supreme Court, there was no error in not instructing the jury how they should arrive at the present cash value. In *Louisville & Nashville Railroad Co.* v. *Trout,* 141 *Ga.* 121 (80 S. E. 622), the second headnote is as follows: "An omission to instruct the jury on the mathematical process of reducing a given sum payable in the future to its present worth, in the absence of an appropriate request, is not ground for a new trial." See *Hudson* v. *Carton,* 37 *Ga. App.* 634 (3) (141 S. E. 222); *Standard Oil Co.* v. *Reagan,* 15 *Ga. App.* 572 (5, 6) (84 S. E. 69). It is further urged in this ground that "the jury was not informed as to what interest rate should be taken into consideration in reducing said gross amount to its present cash value." The judge is not required in his charge to name the rate of interest the jury should use in reducing a verdict for damages to its present cash value. The jury can fix any rate that under the facts and circumstances they may deem reasonable and right. *W. & A. Railroad Co.* v. *Hughes,* 37 *Ga. App.* 773 (10) (142 S. E. 185); *W. & A. Railroad* v. *Townsend,* 36 *Ga. App.* 75 (7) (135 S. E. 439); *Brown* v. *Wilkes,* 20 *Ga. App.* 92 (4) (92 S. E. 553).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*