## Long *v.* The State.

Atkinson, J. 1. "There being some direct evidence on all the essential elements of the crime charged, the failure of the judge to charge the jury on the law of circumstantial evidence does not furnish cause for a new trial." *Wilson* v. *State,* 152 *Ga.* 337 (110 S. E. 8).

2. Where two persons are jointly indicted for murder, each may be convicted upon evidence showing that he was either the actual perpetrator of the crime or was present aiding and abetting the other in its commission. *Futch* v. *State,* 137 *Ga.* 75 (3) (72 S. E. 911).

3. Although charged with murder as principal in the first degree, there being direct evidence tending to establish all the essential elements of that crime as principal in the second degree, the conviction of the defendant did not depend entirely on circumstantial evidence; and consequently the failure of the judge without request to charge on the law of circumstantial evidence · does not furnish cause for a reversal. The case differs on its facts from *Weaver* v. *State,* 135 *Ga.* 317 (69 S. E. 488), in which the direct evidence failed to connect the defendants with the crime.

4. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial. *Judgment affirmed. All the Justices concur.*

No. 8572. August 10, 1932.

*W. I. Geer* and *P. Z. Geer,* for plaintiff in error.

*George M. Napier, attorney-general, B. T. Castellow, solicitor-general, T. R. Gress, assistant attorney-general,* and *Bond Almand,* contra.