23700. LUMMUS REAL ESTATE AUCTION CO. *v.* BROWN.

STEPHENS, J. 1. Although an auctioneer in selling land may act as the agent of the owner, no contract of sale arises between the owner and a successful bidder, in the absence of a memorandum of the contract of sale, made by the auctioneer, who is the agent for both parties for that purpose. Civil Code (1910), § 4107. Where no memorandum is made by the auctioneer, and there appears on his auction book only the signature of the successful bidder, there has arisen no contract of sale between the successful bidder and the owner. Where a cash payment on the purchase-price has been paid to the auctioneer by the successful bidder, the latter may recover of the auctioneer notwithstanding the auctioneer has retained the money, with the consent of the owner, as a payment upon the auctioneer's commission. *Talley* v. *Southern Real Estate &c. Co.,* 152 *Ga.* 277 (109 S. E. 497). See 6 C. J. 833, 843; Teaffe *v.* Simmons, 11 Allen (Mass.), 342; Cockcroft *v.* Muller, 71 N. Y. 367; Merritt *v.* Archer, 163 App. Div. 648 (148 N. Y. Supp. 1008); Civil Code (1910), § 4107. This is true notwithstanding the successful bidder, after paying the money to the auctioneer and acting upon the assumption that there was a valid contract between him and the owner, demanded a deed from the owner, where the owner refused to make the deed, but afterwards made a deed which the plaintiff refused to accept. 2. In a suit against the auctioneer by the successful bidder, in such a case in the municipal court of Atlanta, to recover the money, where there was evidence tending to establish the above facts, the verdict directed for the defendant was not as a matter of law demanded. The appellate division therefore did not err in reversing the judgment overruling the plaintiff's motion for a new trial.

Judgment affirmed. *Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 22, 1934.

*John W. Crenshaw,* for plaintiff in error.
*Burress & Dillard,* contra.