## WARD *v.* THE STATE.

HUTCHESON, Justice. 1. It is only where the evidence is entirely circumstantial that the court is required, without request, to charge the jury on the law of circumstantial evidence. *Brannon* v. *State*, 140 *Ga.* 787 (7) (80 S. E. 7). There being direct evidence in the present case on all the essential elements of the crime charged, the failure of the court to charge the jury on the law of circumstantial evidence does not furnish cause for the grant of a new trial. *Wilson* v. *State*, 152 *Ga.* 337 (110 S. E. 8); *Long* v. *State*, 175 *Ga.* 274 (165 S. E. 75); *Harris* v. *State*, 178 *Ga.* 746 (174 S. E. 240).

2. The evidence in behalf of the State tended to show that the accused murdered the deceased, his stepdaughter, by stomping her with his feet. The only defense set up by the accused was that he did not stomp her; that his wife told him she was run into by an automobile. In such circumstances the instruction on the law of self-defense, by reading to the jury Code, § 26-1011, if not applicable to any theory of the case, was not harmful to the accused, and therefore was not cause for a new trial. See *Green* v. *State*, 153 *Ga.* 215 (4) (111 S. E. 916); *Tate* v. *State*, 46 *Ga.* 148; *Cato* v. *State*, 72 *Ga.* 747 (3). Compare *Garland* v. *State*, 124 *Ga.* 832 (2), 834 (53 S. E. 314); *Floyd* v. *State*, 182 *Ga.* 549 (2) (186 S. E. 556).

3. The evidence was sufficient to authorize the verdict, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur, except*

RUSSELL, Chief Justice, and ATKINSON, Justice, who dissent on the ground that the judge under the evidence should have charged, without request, on the law relating to circumstantial evidence.

No. 11816. MAY 18, 1937. REHEARING DENIED JUNE 22, 1937.

*Newton Gaskins* and *J. B. Moore,* for plaintiff in error.

*M. J. Yeomans, attorney-general, W. B. Gibbs, solicitor-general, Ellis G. Arnall,* and *E. J. Clower,* contra.