## GEER v. THE STATE.

HUTCHESON, Justice. 1. The evidence in behalf of the State tended to show that the accused murdered the deceased by shooting her with a pistol. The defendant pleaded not guilty, and defended on the ground of insanity. In such circumstances the instruction to the jury on the law of justifiable homicide, if not applicable to any theory of the case, was not harmful to the defendant, and therefore was not cause for a new trial. *Tate* v. *State*, 46 *Ga.* 148; *Oato* v. *State*, 72 *Ga.* 747 (3); *Caison* v. *State*, 171 *Ga.* 1 (8) (154 S. E. 337); *Ward* v. *State*, 184 *Ga.* 566 (191 S. E. 916). Compare *Garland* v. *State*, 124 *Ga.* 832 (2), 834 (53 S. E. 314); *Floyd* v. *State*, 182 *Ga.* 549 (2) (186 S. E. 556).

2. Where it was sought to impeach the only eye-witness (but not the only witness) for the State by proof of contradictory statements, and where such witness's own testimony tended to show she was a person of bad character, and where the State introduced no evidence of the general good character of the witness, an instruction by the court to the effect that where a witness has been impeached such witness may be reinstated by proof of general good character, while improperly given in charge, was harmless error under the facts. *Helms* v. *State*, 136 *Ga.* 799 (3) (72 S. E. 246); *Kelly* v. *State*, 118 *Ga.* 329 (45 S. E. 413)— distinguishing *Hart* v. *State*, 93 *Ga.* 160 (20 S. E. 39); *Bart* v. *Scheider*, 39 *Ga. App.* 467, 470 (147 S. E. 430); *McCommons-Thompson-Boswell Co.* v. *White*, 33 *Ga. App.* 20 (4) (125 S. E. 76)—distinguishing *Jenkins* v. *State*, 2 *Ga. App.* 626 (2) (58 S. E. 1063); *Joyner* v. *State*, 12 *Ga. App.* 217 (2) (77 S. E. 9); *Sandersville Oil-Mill Co.* v. *Globe & Rutgers Fire Ins. Co.*, 32 *Ga. App.* 722 (10) (124 S. E. 728); *Alexander* v. *State*, 32 *Ga. App.* 488 (3) (123 S. E. 923); *Scarboro* v. *State*, 24 *Ga. App.* 27 (2) (99 S. E. 637); *Mills* v. *Pope*, 20 *Ga. App.* 820 (2) (93 S. E. 559); *Amerson* v. *State*, 18 *Ga. App.* 177 (6) (88 S. E. 998).

3. The charge of the court to the effect that where insanity is once shown to exist it is presumed to continue, "and the burden would then be upon the State to show by a preponderance of the evidence that the defendant at the time he killed the deceased was sane in legal contemplation and responsible for his acts," was not error for any reason assigned. See *Danforth* v. *State*, 75 *Ga.* 614 (4) (58 Am. R. 480); *Allams* v. *State*, 123 *Ga.* 500 (2) (51 S. E. 506).

4. The court erred in charging the jury: "The law does not attempt to measure the degree of insanity which renders a man or woman legally irresponsible for his or her acts. That is a question of fact for the jury." "This instruction was erroneous for the reason that the law does fix the degree of insanity which renders a man legally irresponsible for his acts, and the instruction complained of was in direct conflict with a previous correct instruction of the court, "and was calculated to leave the jury in such a confused condition of mind that they could not render an intelligent verdict." *Caison* v. *State*, supra.

5. Where the court gave numerous charges applying the law to the facts of the case, and in each the jury was instructed that if they believed the facts stated to be true they should return a verdict finding the

806

defendant guilty, or not guilty, as the case might be, in each individual charge, and the court elsewhere in the charge instructed the jury fully on the subject of reasonable doubt, such charges are not erroneous because the court in each instance did not charge the jury that they should believe the facts stated beyond a reasonable doubt. "According to Georgia practice, it is not the duty of the court to carve up the case into different propositions, and instruct the jury specifically on each as to reasonable doubt, but to submit the case as a whole upon all the evidence, and instruct upon the subject of doubt in appropriate terms upon the whole case." *Carr* v. *State*, 84 *Ga.* 250, 256 (10 S. E. 626); *Smith* v. *State*, 124 *Ga.* 213 (52 S. E. 329); *Nance* v. *State*, 126 *Ga.* 95 (54 S. E. 932).

6. The instructions in the charge of the court which are excepted to, if error, are such as are not likely to occur on a retrial of the case.

7. The assignments of error on the failure of the court to give in charge certain principles, without request, are without merit, in view of the entire charge, as given. *Judgment reversed. All the Justices concur.*

No. 11937. NOVEMBER 9, 1937.

*P. Z. Geer* and *C. E. Hay,* for plaintiff in error.

*M. J. Yeomans, attorney-general, R. A. Patterson, solicitor-general, Hooper & Hooper, E. J. Clower,* and *E. G. Arnall,* contra.