## 26936. HEAD *v.* THE STATE.

DECIDED SEPTEMBER 7, 1938.

B. J. *Dantone,* James R. *Venable,* for plaintiff in error.
Roy *Leathers, solicitor-general,* contra.

GUERRY, J. The judge charged the jury, in part, as follows: "A reasonable doubt is not a vague conjecture or bare possibility of innocence, but it is a doubt arising from the evidence, or from a conflict in the evidence, or—*I was about to say the defendant's*

*statement, but .I don't believe the defendant made a statement in this case.* It is a doubt that leaves the mind of a fair and impartial juror in a wavering and unsettled condition after he has fairly and impartially considered all of the evidence." Exceptions are taken to the italicized portion of the above charge, on the ground that the judge should not have referred to the fact that the defendant did not make a statement. These exceptions are without merit. The charge did not instruct the jury that they could consider the failure of the defendant to make a statement, in making up their verdict, as in *Bird* v. *State,* 50 *Ga.* 585 (7) (the only authority cited by counsel for the defendant), nor was the charge so framed, or given in such a connection, as to leave the jury to understand that his failure to make a statement could or should be counted against him, and therefore it does not constitute reversible error. Compare *Carter* v. *State,* 7 *Ga. App.* 42 (65 S. E. 1090) ; *Tucker* v. *State,* 29 *Ga. App.* 221 (114 S. E. 583) ; *Cooley* v. *State,* 152 *Ga.* 469 (3) (110 S. E. 449). Nor did the judge thereafter, and because of the above charge, commit error in failing to give in charge to the jury the principle contained in the Code, § 38-415, with regard to the right of a defendant to make a statement and the weight to be given thereto by the jury. See authorities above cited. *Mason* v. *State,* 19 *Ga. App.* 623 (91 S. E. 922). Such a charge would have only tended to confuse the jury. The defendant was charged with the offense of robbery. He made no statement, and the evidence introduced, consisting of the positive identification of the defendant by the persons robbed, and a full and complete confession, demanded the verdict. Therefore the statement of the judge quoted above was not reversible error in this case.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*