## WALTON *v.* THE STATE.

ATKINSON, Presiding Justice. 1. On the trial of a defendant indicted for murder, where the homicide is proved, the presumption is that the killing was murder. If there be circumstances of justification or mitigation, the burden of proving them is on the defendant, unless they appear from the evidence offered by the State. *Fitzpatrick* v. *State,* 149 *Ga.* 75 (3) (99 S. E. 128); *Mann* v. *State,* 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934).

2. If one intentionally shoots another with a pistol, and the person shot dies from the wound, this presents no theory of involuntary manslaughter. *Norton* v. *State,* 137 *Ga.* 842 (4) (74 S. E. 759).

3. Under the evidence, the homicide was either murder or accidental homicide within the meaning of the Code, § 26-404. The law of involuntary manslaughter as defined in §§ 26-1006, 26-1009, was not involved. *Hill* v. *State,* 41 *Ga.* 484, 505-506. The court having charged the jury "that a person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears there was no evil design, or intention, or culpable neglect," it was not error to omit to charge the law as relates to involuntary manslaughter.

4. The court instructed the jury: "The court charges you, gentlemen, the meaning of justifiable homicide. Justifiable homicide is the killing of a human being by commandment of the law, in the execution of public justice, by permission of the law in the advancement of public justice, in self-defense, or in defense of habitation, property, or person against one who manifestly intends or endeavors by violence or surprise, to commit a felony on either, or against any persons who manifestly intend and endeavor in a riotous or tumultuous manner to enter the habitation of another, for the purpose of assaulting or offering personal

violence to any person dwelling or being therein." This charge was not cause for reversal, as alleged, for either of the following stated reasons: "(a) That it was confusing to the jury. (b) That it was misleading to the jury. (c) That it was prejudicial, harmful, and injurious to him, in that it confused the jury by misleading the jury to understand that under the evidence and issues the question of justifiable homicide as charged was involved, and that if under the evidence no justifiable homicide as charged was shown, that a verdict of guilty of murder must be returned. (d) That there was no evidence and no issue in the case to support the charge of justifiable homicide as charged. (e) That it was prejudicial, harmful, and injurious to him, in that it misled the jury in making the jury believe that unless the defendant, Willie Walton Jr., proved by evidence that the same was justifiable homicide, as charged, that the same could be nothing but murder; it being insisted that the charge confused the jury, in that it led the jury to believe that the verdict by necessity must be guilty of murder, or not guilty of murder, if the evidence showed justifiable homicide as charged, and the charge restricted the jury to the issue guilty of murder, or not guilty of murder, on account of justifiable homicide." See *Tate* v. *State*, 46 *Ga.* 148; *Ward* v. *State*, 184 *Ga.* 566 (2) (191 S. E. 916), and cit.; *Geer* v. *State*, 184 *Ga.* 805 (193 S. E. 776).

5. On application of the rulings stated above to the pleadings and the evidence, the jury was authorized to return the verdict declaring the defendant guilty, with a recommendation; and there was no error in refusing a new trial.     *Judgment affirmed. All the Justices concur.*

No. 13309.   SEPTEMBER 24, 1940.

*R. R. Marlin,* for plaintiff in error.

*Ellis G. Arnall, attorney-general R. A. Patterson, solicitor-general, Hooper & Hooper, Duke Davis* and *C. E. Gregory Jr., assistant attorneys-general,* contra.