JONES *v.* THE STATE.

No. 14005. FEBRUARY 10, 1942.

*E. C. Collins* and *McDonald & McDonald,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, Harvey L. Jay, solicitor-general pro tem.,* and *E. J. Clower, assistant attorney-general,* contra.

REID, Chief Justice. ■ One of the grounds of the motion for new trial complains that the judge, in connection with his charge to the jury on the manner of impeaching a witness (Code, §§ 38-1802, 38-1803), erroneously charged that when a witness was "thus impeached" or "sought to be impeached," that is, in the present case, "by disproving the facts testified to by him or by proof of contradictory statements previously made by him of matters relevant to his testimony and to the case, . . he may be sustained by proof of general good character, the effect of the evidence to be determined by the jury." This charge had reference to a witness for the defendant. The State had sought to impeach him by proof of contradictory statements previously made by him as to relevant matters testified to by him, and by disproving facts to which he had testified. There was no evidence of any kind respecting the character of this witness. There was thus no basis upon which to predicate this portion of the charge, and it was error. *Geer* v. *State,* 184 *Ga.* 805 (193 S. E. 776), and cit. But the question is as to whether it was harmful to the defendant and of such a nature as to require the grant of a new trial. A study of the cases dealing with this kind of a situation, most of which are cited in the *Geer* case, supra, shows that such a charge has always been held erroneous where there was no proof of general good character. The rule has been applied that each particular case and the circumstances of the trial would be examined to determine if the error was so harmful as to require a reversal. In most of the cases found on the subject this error has been considered harmless to the complaining party. Such was true in *Kelly* v. *State,* 118 *Ga.* 329 (45 S. E. 413) ; *Helms* v. *State,* 136 *Ga.* 799 (72 S. E. 246) ; *Bart* v. *Scheider,* 39 *Ga. App.* 467, 470 (147 S. E. 430) ; *McCommons-Thompson-Boswell Co.* v. *White,* 33 *Ga. App.* 20 (125 S. E.

452

76). In *Hart* v. *State*, 93 *Ga.* 160 (20 S. E. 39), the court dealt with a charge of similar import, where the person it was sought to impeach was the sole witness for the State, and upon his evidence alone the defendant had been convicted. Judge Bleckley, in delivering the opinion of the court stated: "This charge was irrelevant and consequently erroneous. Generally, no doubt, it might be treated as harmless, but in this particular case it may have done harm, for there was evidence tending to show that the witness was industrious and reliable as a work-hand. Such evidence is no substitute for the usual supporting evidence touching good character. The jury may have referred the charge to this evidence; for there was no other to which they could possibly have applied it." In holding that there should be a new trial, it was further stated that "the court should neither expressly nor by implication have suggested to the jury that he was or could be sustained by evidence favorable to his general character." We set this out to show that the court in that case, as is true in the others examined and cited, conceded the error in the charge, and then upon the practical considerations present in the case sought to determine if the error thus committed might have misled the jury or influenced them in arriving at their verdict. After this legal proposition is settled, it would seem that in each case the further inquiry would depend upon mere common sense or good judgment, and not upon any special legal principle. Take the case now before us. The defendant was charged with murder. At the time of the killing he was in his place of business fronting on a street. He admitted the killing, and claimed justification. The man he killed was at the time entering the door of the defendant's place of business. Outside of his own statement the defendant relied upon and used only one witness, who testified that Pate, as he entered the door of defendant's place of business, held an open knife in his hand. The State offered evidence to the contrary on this point, and sought to prove contrary statements previously made by the witness. If the witness were to be believed, the defendant under certain circumstances might be guilty of voluntary manslaughter, or the jury might have found the homicide justifiable. The verdict which they did find was that the defendant was guilty of murder. In such circumstances we accept as at least persuasive the argument that since admittedly there was no effort to sustain this witness by

proof of his good character (and since, it may be observed, he was not *required* to do so), the jury might well have been influenced in making their verdict by having it called to their attention that a legal method of sustaining this witness had not been employed, and therefore that he should be disbelieved. They could hardly have concluded in the defendant's favor, as in the *Hart* case, supra, they might have in favor of the State, that the judge considered that there was evidence of good character; for here there was no pretense of anything said in his behalf.

An error of this kind seems to us not unlike an instance where a judge in a criminal case charges the jury as to the right of a defendant to make a statement in his own behalf, although in fact the defendant has not taken advantage of such right. The rule to be applied when such an error is committed has been stated by Judge Powell in *Carter* v. *State, 7 Ga. App.* 42 (65 S. E. 1090). "Unless the reference to the defendant's right to make a statement occurs in such connection as to leave the jury to infer· that his failure to make one is to be counted against him, the error stands upon a like footing to that which arises ordinarily when a court gives in charge some principle of law abstractly correct but not pertinent to the facts in the case. Whether such an error is reversible or not depends almost entirely upon the facts and circumstances of each particular case." While in that case, as in *Head* v. *State, 58 Ga. App.* 375 (198 S. E. 550), it was considered that the erroneous charge did not cause the jury to count against the defendant his failure to make a statement, and it was accordingly deemed harmless, it is perfectly clear that if this latter deduction had not been apparent, a reversal would have been ordered. So in the case of *Cooley* v. *State,* 152 *Ga.* 469 (3) (110 S. E. 449), where this error occurred, the court declined to reverse only because it was found that "the defendant introduced no evidence, and the uncontradicted evidence introduced by the State fully authorized the jury to convict him." To this ruling Beck, P. J., dissented. In respect to a charge unauthorized by the accusation and the evidence, the majority of the court in *Durham* v. *State,* 166 *Ga.* 561 (2) (144 S. E. 109), held the error harmless; but Russell, C. J., and Atkinson, J., were of the opinion that the giving of the unauthorized charge was cause for reversal. In *Jenkins* v. *State,* 2 *Ga. App.* 626 (2) (58 S. E. 1063), where there was no evidence

of good character of the witness it was sought to impeach, a charge similar to that in the present record was not considered harmless. Although in *McCommons-Thompson-Boswell Co.* v. *White,* supra, the conclusion was reached that as against the complaining party the inapplicable charge was deemed harmless, there was no different legal proposition announced.

In the instant case the evidence was by no means conclusive as to the guilt of the accused of the grade of crime of which he was convicted; and since, if this witness whose possible impeachment was dealt with in the charge had been believed, a verdict more favorable to the defendant would most likely have resulted, we reach the conclusion that the error is cause for reversal. This conclusion is not altered by the fact that in his general charge the judge stated that it was within the province of the jury to determine what evidence in the case to believe.

■ Ground two of the amendment to the motion for new trial complains that the charge respecting voluntary manslaughter was erroneous. The particular claim of error is that the court in giving in charge the provisions of the Code, § 26-1007, after reciting the exact language of the section to the effect that provocation by words, threats, or menaces, etc., would not be sufficient to free the person killing from the crime of murder, then added the qualification, "unless under all the circumstances of the case, taken in connection with all the other acts of deceased, you believe they are sufficient to excite the fears of a reasonable man." This last quoted proviso was followed by the remaining language of this section, and represented the only departure from its exact terms. The burden of counsel's argument is that while its terms are favorable to the defendant, nevertheless it tended to deprive him of the defense of voluntary manslaughter, and to leave the jury to a choice between verdicts of acquittal or murder. It is further argued that this was not cured by subsequent provisions of the charge which gave the defendant full benefit of the right to acquittal under this provision of the Code, § 26-1012. It has been ruled that since this particular excuse or defense has no connection with the law of voluntary manslaughter, it when otherwise applicable should be separately dealt with; and this court has rejected claims of error based upon failure to give in charge this principle in connection with the charge on voluntary manslaughter. In *Adkins* v. *State,* 137 *Ga.*

81 (6) (72 S. E. 897), it was stated that "the doctrine of reasonable fears has no connection with the offense of voluntary manslaughter." And in *Cargile* v. *State,* 137 *Ga.* 775 (4) (74 S. E. 621), with reference to a charge on voluntary manslaughter, it was said that the court "should not mingle with it a charge on the subject of justifiable homicide under the doctrine of reasonable fears." Whether the contention made in behalf of the plaintiff in error is sound or sufficient, or whether, as in the *Cargile* case, in view of the entire charge it would not be considered reversible error, will not be adjudicated; for, since the case is to go back for another trial, it is regarded as sufficient to point out these holdings. See *Vernon* v. *State,* 146 *Ga.* 709, 713 (92 S. E. 76) ; *Franklin* v. *State,* 146 *Ga.* 40 (90 S. E. 480) ; *Walker* v. *State,* 186 *Ga.* 882 (199 S. E. 231), and cit.; *Dunn* v. *State,* 41 *Ga. App.* 248 (152 S. E. 637) ; *Cumming* v. *State,* 99 *Ga.* 662 (27 S. E. 177).

*Judgment reversed. All the Justices concur, except Duckworth, J., who dissents.*