18389. ROUNTREE *et al. v.* TODD.

Submitted October 14, 1953—Decided November 12, 1953.

228

G. W. Langford, *Maddox & Maddox,* for plaintiffs in error.
C. H. Porter, *Matthews, Maddox & Bell,* contra.

HEAD, Justice. 1. It is insisted by the petitioners that the memorandum of the auctioneer, made in connection with the purported bid of Roy Moore, which was introduced in evidence, was not sufficient to bind the bidder, and that the defendant was not entitled to his commissions unless he could show that he had consummated an enforceable sale of the property for $15,000. Under this theory, it is contended that the court erred in overruling the general grounds of the motion for new trial, in failing to charge that the sales slip offered in evidence, even if signed by Mr. Moore, would not have constituted a legal contract, and in restricting the jury in a decision on the cause to the one issue, whether or not a bona fide bid of $15,000 was made.

In support of their contentions, the petitioners cite *Talley* v. *Southern Real Estate &c. Co.*, 152 *Ga.* 277 (109 S. E. 497); *Rhyne* v. *Mayhugh*, 156 *Ga.* 243 (119 S. E. 522); *Lummus Real Estate &c. Co.* v. *Brown*, 49 *Ga. App.* 592 (176 S. E. 693); and *Peek* v. *Muse*, 59 *Ga. App.* 533 (1 S. E. 2d 613). While all of these cases deal with the sufficiency of the memorandum of the auctioneer, provided for in Code § 96-114, they are not controlling on the question here made.

If the contract between the petitioners and the defendant had contemplated a consummated sale to a bidder before the commissions could be earned, the sufficiency of the memorandum made by the defendant, as auctioneer, would have been material in this case. "A bid at an auction sale is only an offer for the property, requiring acceptance to create an obligation on the part of the bidder or the owner; it is but an offer to purchase, and not the acceptance of an offer." 7 C. J. S. 1253, § 7 (e-1); 5 Words and Phrases, p. 426. Since the petitioners had reserved the right to refuse to accept any bid made, a binding sale could not have been consummated between the petitioners and a bidder until the petitioners had accepted the bid. It is plainly shown, under the petitioners' pleadings, that the commissions were to be earned, not by a consummated sale, but by the procurement of a bona fide bid. The trial judge, therefore, correctly instructed the jury that the question for their determination was whether or not a bona fide bid of $15,000 had been made. The jury decided this question adversely to the petitioners. Since the evidence was in sharp conflict on this question, it was not

error to overrule the general grounds of the motion for new trial. The rulings here made also control the questions made in special grounds 1, 2, 3, 10, and 11, and it was not error to overrule these grounds.

2. In grounds 4 and 5 it is asserted that the court erred in charging as follows: "When witnesses appear and testify they are presumed to speak the truth and are to be believed by the jury unless impeached in some manner provided by law or otherwise discredited in your judgment, or by proof of contradictory statements previously made by him of matters relevant to his testimony and to the case, or by proof of general bad character. When thus impeached, or sought to be, in either of the latter instances he may be sustained by proof of general good character, the effect of the evidence to be determined by the jury." It is contended that there was no evidence in the case relating to the general bad character or good character of any witness, and that the jury might have been misled by this charge, since there was testimony in the case that Peter Rountree, one of the petitioners, and a witness in his own behalf, was drunk on the day of the auction, and the jury might have believed that this would amount to evidence of bad character, and that the witness should not be believed.

There was no attempt by the petitioners or the defendant to impeach any witness by proof of bad character, or to sustain a witness by proof of good character. The only evidence to which a charge concerning the impeachment of witnesses could apply was testimony in regard to previous contradictory statements made by certain witnesses, and the conflicting nature of the evidence.

This court has consistently held that, where there is no attempt to impeach a witness by proof of bad character, the court should not charge on this method of impeachment; and, where no evidence is introduced of good character to sustain an impeached witness, that a charge should not be given on this method of sustaining a witness. *City Bank of Macon* v. *Kent*, 57 *Ga.* 283, 284 (9); *Hart* v. *State*, 93 *Ga.* 160 (20 S. E. 39); *Brand* v. *Bagwell*, 133 *Ga.* 750 (6) (66 S. E. 935); *Walker* v. *State*, 137 *Ga.* 398, 404 (73 S. E. 368); *L. & N. R. Co.* v. *Ledford*, 142 *Ga.* 770, 771 (7) (83 S. E. 792); *Jones* v. *State*, 193 *Ga.* 449 (18 S. E.

2d 844). It has been held in a number of cases, however, that the giving of such a charge would not be a sufficient reason for the reversal of the judgment under the particular facts therein. *Kelly* v. *State,* 118 *Ga.* 329 (45 S. E. 413); *Southern Ry. Co.* v. *O'Bryan,* 119 *Ga.* 147, 151 (45 S. E. 1000); *Helms* v. *State,* 136 *Ga.* 799 (3) (72 S. E. 246); *Geer* v. *State,* 184 *Ga.* 805 (2) (193 S. E. 776); *Cotton* v. *State,* 201 *Ga.* 285, 293 (39 S. E. 2d 530).

In this case the charge of the court could not be said to apply to the witnesses of one party more than to the witnesses of the other. While there was testimony that the petitioner, Peter Rountree, was in some degree under the influence of intoxicants on the day of the auction, the charge could not be construed as more applicable to him than to the defendant, since the petitioners' witnesses in their testimony charged the defendant with fraudulent acts in the procurement of the bid on which they paid commissions. The court did not err in overruling these grounds of the motion for new trial.

3. In ground 6 it is contended that the court erred in charging the jury as follows: "Statements made out of court and not under oath are not evidence, but they are to be considered by you on the question of impeaching or discrediting the attacked witness."

When this excerpt from the charge is considered in its context, it is plain that the court was giving the rules in regard to the impeachment of witnesses, and in this connection the court charged a correct rule of law. *Watts* v. *Starr,* 86 *Ga.* 392 (12 S. E. 585); *Stallins* v. *Southern Ry. Co.,* 140 *Ga.* 55, 57 (78 S. E. 421).

4. In ground 7 it is asserted that the court erred in charging the jury as follows: "When a witness has been successfully impeached by any of the legal methods, that is, where his unworthiness of credit is absolutely established in the minds of the jury, he ought not to be believed and it is the duty of the jury to disregard his entire testimony unless it is corroborated, in which case you may believe the witness, it being a matter of course always for the jury to determine whether the witness has or has not been, in fact, so impeached." The error asserted in the charge is that the court did not instruct the jury how an impeached witness might be corroborated. If the petitioners had

desired further instruction to the jury in this connection, they should have made a request for such charge.

5. In ground 8 it is contended that the court erred in charging the jury as follows: "The defendant in his answer and cross-bill not only denies plaintiff's allegations as to this bona fide sale up there, etc." It is insisted that, by the use of the words *"this* bona fide sale," the court expressed an opinion that the sale was bona fide.

The petitioners having alleged that there was no bona fide bid, and having made no allegation as to a "bona fide sale," the reasonable construction of the language used would be that the defendant denied the petitioners' allegation that there was no bona fide bid. The charge as a whole was clear and impartial, and a reversal is not required solely because a contention of one of the parties might have been more clearly stated.

6. In ground 9 it is asserted that the court erred in charging: "Mere concealment of such a fact, unless done in such a manner as to deceive and mislead, will not support an action. In all cases of deceit knowledge of the falsehood constitutes an essential element."

The court in the charge quoted all of section 105-302 of the Code, of which this excerpt is a part. It was not erroneous to give these principles of law.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating.*